# SILINGARDI

*v.*

# BULL INSULAR LINE.

San Juan, Law, No. 1195.

DEMURRER TO COMPLAINT.

Contract—Allegations.

> 1. A contract contains at least time, place, and what is agreed to, and these must be alleged in a complaint.

Foreign Guaranty—Local Attachment.

> 2. The guaranty given in a foreign country does not take away the right to attachment in Porto Rico.

Opera Company—Damages.

> 3. The manager of an opera company alleging damages 'from not being permitted to play must show that there would have been profit made if they had played.

Opinion filed July 14, 1917.

*Mr. Hugh R. Francis* for plaintiff.

*Mr. Charles Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint alleges that the plaintiff was in Santo Domingo with an opera company, and contracted with the defendant for transportation to Porto Rico, having the guaranty of a

NOTE.—On loss of profits as element of damages for wrongful attachment, see notes in 52 L.R.A. 33, and 46 L.R.A. (N.S.) 470.

Dominican merchant. That after arrival in Ponce on the defendant's ship, the defendant nevertheless attached certain goods, including theatrical scenery, with the result that plaintiff's troupe was disbanded, and he could not play in Porto Rico. He says that the plaintiff and defendant made some other contract, and that the defendant released its attachment. He now sues for damages.

1. The demurrer sets out that the complaint fails to set forth the terms of the agreement which is alleged to have been violated. This seems to be true. What the substituted agreement was is not set out in any detail. A contract contains at least time, place, and what is agreed to. These are substantially lacking in the complaint.

2. The guaranty in Santo Domingo was conditional, and could not change the plaintiff's duty to pay upon arrival in Porto Rico. Why the defendant preferred the lien of attachment to the old contract is not shown, but under the Porto Rican law to secure the effectiveness of judgment he had the right to attach.

The same considerations apply to the next ground set out in the demurrer.

3. There is a claim for $50,000 damages, but no basis is alleged to calculate damages. The plaintiff may have been prevented from playing by the attachment, but there is no showing that he would have made any profit if he had played. For aught that appears, it is damnum absque injuria.

It follows, therefore, that the demurrer is sustained.